**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KUN JI, | No.    14-73728 |
| Petitioner, | Agency No. A205-566-220 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 20, 2017
San Francisco, California

Before:  THOMAS, Chief Judge, MURGUIA, Circuit Judge, and BAYLSON[**] District Judge.

Petitioner, Kun Ji, challenges whether the immigration judge (IJ) and the

Board of Immigration Appeals (BIA) had substantial evidence to find Ji not

credible in his account of his experiences in China.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

The panel applies the standards of the REAL ID Act to Ji's application for asylum, withholding of removal, and Convention against Torture (CAT) relief. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). The court reviews adverse credibility determinations under a substantial evidence standard. *Id.* at 1039. This standard requires the panel to uphold the adverse credibility finding "unless the evidence compels a contrary result." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (internal quotation marks omitted). "Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,' we 'look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle*, 533 F.3d at 1051). The panel must review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Tekle*, 533 F.3d at 1051; *accord Ahmed v. Keisler*, 504 F.3d 1183, 1190–91 (9th Cir. 2007). The panel does not review the parts of the IJ's adverse credibility finding that the BIA did not mention or single out as significant. *Tekle*, 533 F.3d at 1051.

Applying these standards, we deny the petition for review and uphold the BIA's decision as supported by substantial evidence.

1.    "The IJ must provide 'specific and cogent reasons' in support of an

2

adverse credibility determination." *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009) (quoting *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir. 2003). For a post-REAL ID Act claim, a petitioner's inconsistencies or inaccuracies are valid bases for an adverse credibility determination "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim[.]" 8 U.S.C. § 1158(b)(1)(B)(iii); *accord Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005).

Here, the IJ provided specific and cogent reasons in support of the adverse credibility determination. With respect to Ji's inconsistent testimony regarding his hospital CT scan, it was permissible for the IJ to look to earlier asylum interview statements to evaluate the consistency and credibility of Ji's hearing testimony. The IJ also reasonably rejected Ji's explanation for the inconsistency, and could therefore "properly rely on the inconsistency as support for an adverse credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). The IJ also had a valid basis for finding that Ji's explanation of how he learned about his wife's abortion, including their concurrent hospital stays, was evasive. In similar circumstances, a panel has found substantial evidence for an adverse credibility where "the record amply demonstrate[d] a pattern of evasive responses that, when pursued by the government and IJ, led to [petitioner's] admissions and the giving of a more accurate answer." *Bingxu Jin v. Holder*, 748 F.3d 959, 965 (9th Cir.

3

2014). Ji's evasiveness further supports the adverse credibility determination. We therefore conclude that substantial evidence supported the adverse credibility finding against Ji.

2. In light of the adverse credibility determination, Ji is not eligible for asylum, withholding of removal, or relief under the CAT. Because substantial evidence supports the IJ's adverse credibility finding, and Ji cannot meet his burden of proof without his testimony, we find that substantial evidence supported the BIA's denial of Ji's application for asylum. *See, e.g.*, *Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014). A failure to meet the burden of proof for asylum means Ji cannot show eligibility for withholding of removal, either. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Ji also cannot meet his burden of proof to be eligible for CAT relief because without crediting Ji's testimony, the additional evidence in the record does not carry enough weight to show that it is more likely than not that Ji will be tortured on his return to China. *Garcia v. Holder*, 749 F.3d 785, 791–92 (9th Cir. 2014). We therefore deny the petition for review.

**PETITION DENIED**.